IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARIA MONTANO | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 15-CV-00392 LPS-CJB |
| ALLEN HARIM FOODS, LLC | ) |
| Defendant. | ) |

## DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

There is no genuine issue of material fact that should allow any of the four counts to survive Defendant's Motion for Summary Judgment.

**Count I.** Count I contains a "donning and doffing" claim and an "off the clock" claim under the Fair Labor Standards Act.

**Donning and doffing claim.** Plaintiff confuses two distinct amendments to the FLSA concerning donning and doffing. In response to *Anderson v. Mt. Clemons Pottery Co.*, 328 U.S. 680 (1946), Congress amended the FLSA twice. The Portal-to-Portal Act of 1947 excluded "preliminary" and "postliminary" activities from working time. 29 U.S.C. § 254(a)(2). Donning and doffing are not excluded under this section if they are an "integral and indispensable part" of an employee's principal activities. *Steiner v. Mitchell*, 350 U.S. 247, 249 (1956). In 1949, Congress amended the definition of hours worked to exclude time changing clothes which is excluded from measured working time under the express terms, or by custom or practice, under a collective bargaining agreement. 29 U.S.C. § 203(o).

Section 203(o) is separate and independent from the Portal-to-Portal Act. Under Section 203(o), it does not matter whether the donning and doffing is "integral and indispensable." Contrary to Plaintiff's argument, any dispute about it was resolved by the Supreme Court in *Sandifer v. United States Steel*, 134 S. Ct. 870 (2014), which describes the legislative history, consistent with the description above.[1] Also contrary to Plaintiff's argument, there should be no question that *Sepulveda v. Allen Family Foods, Inc.*, 591 F.3d 209 (4th Cir. 2009) is valid authority. *Sepulveda* was cited with approval in *Sandifer*, 134 S. Ct. at 879, 881. *Sepulveda* could not be more on point—it concerned the same practices as in this case, in the same plant, under the same collective bargaining relationship. Finally, Section 203(o) does not require an express mutual agreement. It also applies to time excluded from compensation by "custom or practice." *Sepulveda* found there was a "custom or practice" of excluding donning and doffing from working time at the plant, and it is undisputed that the practice carried over from the prior owner to the current owner of the plant.

**Off the clock claim.** Plaintiff argues that the Company has not produced all time records requested in discovery, and that the burden of proof therefore shifts to the Company, as described in *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. at 686. That argument should be rejected. Under *Mt. Clemens*, the burden shifts to the defendant if the plaintiff proves a violation and the employer's records are "inaccurate or inadequate" to calculate backpay. However, when a company has kept proper records, it is the plaintiff's burden to prove that she performed work for which she was not properly compensated. *Id.* at 686-87. For this purpose, "vague and unsubstantiated estimates" are not sufficient. *See* citations in opening brief.

---

[1] For a Third Circuit decision applying Sandifer, see *Rosano v. Township of Teaneck*, 754 F.3d 177 (3d Cir. 2014).

2

In this case, it is undisputed that Plaintiff was paid by line time. As Plaintiff also admits, the start of line time was fixed. According to Plaintiff's deposition, "they would pay us for the time until there was no more chicken left on the line. So then they would write that down." Defendant's Exhibit 1, Montano Dep. at 32. The supervisor wrote down the end of line time on a data sheet that was submitted to the Human Resources office. Defendant's Exhibit 2 (Gray Affidavit). A payroll administrator in the HR office entered the line time into the Kronos time and attendance software. *Id.* The Kronos records show the amount of line time for each day. *Id.* A review of Plaintiff's Kronos records (Defendant's Exhibit 5) shows that the line time (the second column from the right) varies from day to day, as one would expect. Some of the time entries exceed eight hours per day.

Plaintiff claims that the Company's records are incomplete because the Company did not produce the handwritten data sheets submitted to payroll. The Company did not archive those data sheets. It was not required to do so. The Department of Labor's Regulations concerning "Records to be Kept by Employers," require employers to record "Hours worked each workday and total hours worked each workweek." 29 C.F.R. § 516.2(a)(7). They do not require the Company to retain the raw, handwritten time records. Rather, the regulations permit the Company to maintain time records on "data processing memory." 29 C.F.R. § 516.1(a).

In sum, there is no legal basis for Plaintiff's claim that the Company did not retain and produce adequate time records. Under the circumstances, it remains Plaintiff's burden to prove that the Company's time records are incorrect. For this purpose, her vague and undocumented testimony is not sufficient.

**Count II.** Count II claims that Plaintiff was discharged in retaliation for her complaints about her wages, in violation of the FLSA. Plaintiff makes three arguments, none of which is sufficient to raise a genuine, material factual dispute.

*First,* Plaintiff first argues that the records concerning her absences are confusing. The supposed confusion arises because the pages in Defendant's Exhibit 9 were out of chronological order when the Company counted the number of occurrences prior to Plaintiff's termination. The chart below lists the absences, occurrences and warning in chronological order, based on Defendant's Exhibits 9 (attendance summary), 7 (warning) and 8 (warning). The absences and latenesses are corroborated by the time records (Defendant's Exhibit 5).

| Date | Event | Occurrences | Cumulative Occurrences | Warning |
|---|---|---|---|---|
| 1/6/14 | Absent | 1 | 1 | |
| 3/4/14 | Absent | 1 | 2 | |
| 3/20/14 | Late | .5 | 2.5 | |
| 4/29/14 | Absent | 1 | 3.5 | |
| 5/2/14 | Late | .5 | 4 | |
| 5/20/14 | Late | .5 | 4.5 | |
| 5/30/14 | Absent | 1 | 5.5 | |
| 6/9/14 | Vacation | 0 | 5.5 | |
| 7/21/14 | Left Early | .5 | 6 | |

4

| | | | | |
|---|---|---|---|---|
| 7/25/14 | | | | Warned for 6 occurrences. Defendant's Exhibit 7.[2] |
| 8/21/14 | Left Early | .5 | 6.5 | |
| 9/3/14 | Absent | 1 | 7.5 | |
| 9/4/14 | Suspended | 0 | 7.5 | |
| 9/12/14 | | | | Warned for 7.5 occurrences, refused to sign. Defendant's Exhibit 8. |
| 10/2/14 | Absent | 1 | 8.5 | |
| 10/16/14 | Vacation | 0 | 8.5 | |
| 10/28/14 | Absent | 1 | 9.5 | Terminated |

*Second*, Plaintiff argues that her absence on September 3, 2014 was approved as a vacation day and therefore should not have been counted as an occurrence. That argument is based on a sham affidavit.

By way of background, the Collective Bargaining Agreement requires one-day vacations be scheduled two weeks in advance. Company Exhibit 3, D.I. 28-3 at 24, ¶8. Time off for medical appointments is covered by the no-fault attendance policy, which expressly allows employees to take up to eight days off per year for such purposes as doctor's appointments. Defendant's Exhibit 6. "On January 1 of each year, employees will be credited with eight (8) days that may be utilized for unpaid time away from work for any reason, such as personal illness, medical appointments for the employee or family member, etc." *Id.* Even if the

---

[2] This warning is also marked as Plaintiff's Exhibit 3 (D. I. No. 31-4). A portion of the exhibit did not reproduce well but Plaintiff acknowledges that it warned her for six occurrences. See Plaintiff's statement of fact at page 4, item q.

5

employee notifies his or her supervisor in advance, such time off is still counted as an occurrence, so that the Company can enforce the eight day limit. *Id.*

In her affidavit, Plaintiff says her supervisor rejected her request for time off on September 3, 2014, so she obtained approval from the head of HR to take the day as a vacation day. Plaintiff's Exhibit 1 at ¶¶ 53-55.

Plaintiff's deposition testimony was completely different from her affidavit. According to the deposition, she told her supervisor that she would be absent. Defendant's Exhibit 1, Montano Dep. 50-51. Referring to the September 3, 2014 absence for a doctor's appointment, her own counsel asked, "Q. And did you make arrangements with your supervisor to take that day off?" Plaintiff responded, "Yes I showed him the note and he said he would give me permission to go." *Id.* As mentioned above, even if the employee tells the supervisor in advance, the absence is still counted as an occurrence, in order to enforce the eight-day limit.

Under the sham affidavit doctrine, the deposition controls. *Jimenz v. All American Rathskeller, Inc.* 503 F.3d 247 (3d Cir. 2007)("prior depositions are more reliable than affidavits"). The deposition testimony shows that Plaintiff's absence on September 3, 2014 was correctly counted as an occurrence under the attendance policy, not as a vacation day.

***Third,*** Plaintiff argues that she did not receive the September 12, 2014 warning notifying her that she had 7.5 occurrences. Defendant's Exhibit 8. The warning was signed by a Company representative and a Union representative and states, in the place for the employee signature, "refused to sign." Plaintiff does not dispute that a Union representative signed the warning. Plaintiff's Exhibit 1, D.I. 31-1 at ¶ 65. In any event, whether Plaintiff received the September 12, 2014 warning is immaterial. Company policy is to issue a last warning after six absences (Defendant's Exhibit 9), which the Company did on July 25, 2014. Defendant's Exhibit 7;

Defendant's Exhibit 1, Montano Dep. 16. There was no requirement that Plaintiff receive an additional warning.

**Count III.** Count III alleges a violation of the Delaware Wage Payment and Collection Law. Plaintiff's argument on this point largely repeats her arguments under the Fair Labor Standards Act. While state law can provide greater protections than federal law, in this case Plaintiff has not identified any provision of state law that would make the donning and doffing time compensable or prohibit the Company from measuring hours worked based on line time.

**Count IV.** Count IV alleges breach of contract. Plaintiff argues that the collective bargaining agreement between the Company and Local 27 is "null and void" to the extent it allows the practice of not paying for donning and doffing. However, as discussed above, 29 U.S.C. § 203(o) expressly allows that practice. See *Sandifer*, 134 S.Ct. at 870; *Sepulveda*, 591 F.3d at 209. As Defendant argued in its opening Brief, it is legally impossible for a bargaining unit employee to have an individual contract of employment unless the collective bargaining agreement so provides (as in the case of a professional athlete).

## CONCLUSION

For the foregoing reasons, as well as the reasons stated in Defendant's opening Brief, Defendant respectfully requests that its Motion for Summary Judgment be granted.

Respectfully submitted,

/S/
Roger D. Landon, Bar No. 2460
MURPHY & LANDON
1011 Centre Road, #210
Wilmington, DE 19805
302-472-8100 Telephone
302-472-8135 Facsimile
RLandon@msllaw.com

/S/
Eric Hemmendinger, Md. Bar No. 02050
SHAWE & ROSENTHAL, LLP
One South Street, Suite 1800
Baltimore, MD 21202
410-752-1040 Telephone
410-752-8861 Facsimile
eh@shawe.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I, HEREBY CERTIFY that on this the 13th day of January, 2017, a true and correct copy of the foregoing Defendant's Reply to Plaintiff's Opposition to Motion for Summary Judgment was served on the following parties by filing a copy of the document with the Clerk through the Court's electronic docketing system:

    Elizabeth C. Rowe, Esquire
    Maryland Legal Aid Bureau, Inc.
    103 S. Hickory Avenue
    Bel Air, MD 21014

    Arlene B. Callender, Esquire
    Maryland Legal Aid Bureau, Inc.
    103 S. Hickory Avenue
    Bel Air, MD 21014

*Attorneys for Plaintiff*

                                              /S/
                                          Roger D. Landon

Doc.555557