# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

MARIA MONTANO,

    Plaintiff,

    v.

ALLEN HARIM FOODS, LCC,

    Defendant.

C.A. No. 15-392-LPS-CJB

## MEMORANDUM ORDER

WHEREAS, Magistrate Judge Burke issued a 34-page Report and Recommendation (the "Report") (D.I. 34), dated August 4, 2017, recommending that the Court (i) deny Defendant Allen Harim Foods, LLC's ("Defendant") motion for summary judgment (D.I. 27) as to (1) the "time shaving" portion of Count I of Plaintiff Maria Montano's ("Plaintiff" or "Montano") Amended Complaint (D.I. 3) and as to (2) Count II in its entirety, and (ii) grant Defendant's motion in all other respects;

WHEREAS, on September 5, 2017, Defendant objected to the Report ("Defendant's Objections") (D.I. 39);

WHEREAS, on September 5, 2017, Plaintiff also objected to the Report ("Plaintiff's Objections") (D.I. 40);

WHEREAS, on September 13, 2017, Defendant responded to Plaintiff's Objections ("Defendant's Response") (D.I. 42);

WHEREAS, on September 19, 2017, Plaintiff responded to Defendant's Objections ("Plaintiff's Response") (D.I. 44);

WHEREAS, the Court has considered the parties' objections and responses *de novo*, *see Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011); 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3);

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. Defendant's Objections (D.I. 39) are OVERRULED, Plaintiff's Objections (D.I. 40) are OVERRULED, Judge Burke's Report (D.I. 34) is ADOPTED, and Defendant's Motion for Summary Judgment (D.I. 27) is GRANTED IN PART and DENIED IN PART. Specifically, Defendant's motion is DENIED as to the "time shaving" portions of Count I, and as to Count II in its entirety. Defendant's motion is GRANTED as to the "donning and doffing" portion of Count I and as to Counts III and IV in their entirety.

2. Montano objects to the Report's recommendation that the Court grant summary judgment as to the "donning and doffing" portion of Count I. (D.I. 40 at 1) Montano contends that the Report erred "by holding that the activity involved fits within the 'changing clothes' exception under the meaning of [29 U.S.C.] § 203(o); and that activity was excluded from measured work time under the CBA."[1] (D.I. 40 at 1) However, as the Report correctly stated, the Supreme Court has explained "that the term 'clothes' [for purposes of § 203(o)] denotes 'items that are both designed and used to cover the body and are commonly regarded as articles of dress.'" (D.I. 34 at 16 n.6 (quoting *Sandifer v. U.S. Steel Corp.*, 134 S. Ct. 870, 876-77

---

[1] As part of this objection, Montano contends that the Report fails to address the "walking time" portion of Count I – specifically, "the approximately three minutes between when she worked on the last piece of chicken on the line and when she clocked out at the end of each shift" – which Plaintiff contends is a "natural off-shoot" of her "donning and doffing" claim. (D.I. 40 at 6) The Report addresses these contested "approximately three minutes" periods as part of the "time shaving" portion of Plaintiff's Count I, an issue the Report resolved in Plaintiff's favor. (D.I. 34 at 19)

2

(2014))) As the Report correctly stated, Montano's hardhat, work gloves, and apron clearly qualify as "clothes" under *Sandifer*, while her glasses and earplugs do not. (D.I. 34 at 16 n.6; *see also Sandifer*, 134 S. Ct. 870, 879-80) Montano's entire period of changing into the work gear – that is, into three larger items of clothing and two smaller additional items – can, on the whole, be classified as time changing clothes, and is therefore comes within the exception and is not compensable. *See also Sepulveda v. Allen Family Foods, Inc.*, 591 F.3d 209 (4th Cir. 2009) (rejecting claims identical to those pressed by Montano here, at same plant, with same pay practices, and same collective bargaining agreement ("CBA")). As this is the extent of Plaintiff's objection with respect to the Report's analysis of the "donning and doffing claim," summary judgment will be granted as to the "doffing and donning" portion of Count I.

3.      Montano also objects to the Report's recommendation that the Court grant summary judgment as to Count III, which alleges violations of the Delaware Wage Payment and Collection Act ("WPCA"). (D.I. 40 at 7) The fact that Plaintiff's state-law claims "run concurrently with her FLSA claim" (D.I. 34 at 32) does not automatically mean those claims are preempted. *See Knepper v. Rite Aid Corp.*, 675 F.3d 249, 262 (3d Cir. 2012) (stating "Congress explicitly contemplated dual enforcement of the FLSA," and stressing "traditional presumption against preemption" in context of "regulating employee's wages"). As Plaintiff correctly asserts, states are free to provide greater protection to employees than does the FLSA, and, in fact, the WPCA does *not* contain a counterpart to § 203(o). *See* 19 Del. C. § 1101 *et seq.* Thus, a successful 203(o) defense would not necessarily preempt Plaintiff's state-law claims. *See In re Cargill Meat Solutions Wage & Hour Litig.*, 632 F. Supp. 2d 368, 394 (M.D. Pa. Apr. 10, 2008) (finding plaintiffs' state-law based "donning and doffing" claims not preempted by FLSA).

3

However, Plaintiff's state-law claims all arise out of her employment with Defendant under a CBA. "Section 301 of the Labor Management Relations Act ('LMRA') 'encompasses not only state-law claims that are directly based on a [CBA] but also those that are substantially dependent upon analysis of the terms of the agreement.'" *Tillman v. Pepsi Bottling Grp., Inc.*, 2005 WL 2127820, at *7 (D. Del. Aug. 30, 2005) (quoting *Wheller v. Graco Trucking Corp.*, 985 F.2d 108, 113 (3d. Cir. 1993)); *accord Hughes v. United Parcel Serv., Inc.*, 639 Fed. App'x 99, 103 (3d Cir. 2016). As Plaintiff's WPCA claim is "inextricably intertwined" with the terms of, or custom and practices under, the CBA with Defendant, it is preempted by the LMRA.[2] *Smiley v. Daimler Chrysler*, 589 F. Supp. 2d 471, 489 (D. Del. Dec. 11, 2008); *see In re Cargill*, 632 F. Supp. 2d at 396 ("A determination of the state law claims for this period would be 'substantially dependent upon an analysis of the terms,' practices, and customs of the 2007 CBA and would be preempted by federal law." (quoting *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985))); *see also Tillman*, 2005 WL 2127820, at *7 ("To determine whether the collective bargaining agreement was violated . . . and whether plaintiff is entitled to overtime, the court will have to interpret the [CBA]. [Because of that,] plaintiff's state wage claims are preempted by the LMRA."). Accordingly, Plaintiff's objection as to Count III is overruled, and summary judgment will be entered on all of Plaintiff's state-law claims.

4. Defendant objects to the Report's recommendation that the Court deny summary judgment as to Montano's "time shaving" allegations in Count I, arguing that the Report applied the incorrect legal standard to evaluate Plaintiff's claim. (D.I. 39 at 1) The *Anderson* burden-

---

[2]Plaintiff only objects to the Report's recommendation of dismissal as to Count III. The Court notes that Count IV, though not objected to, is preempted for the same reason.

shifting framework, as outlined in the Report, governs unpaid compensation claims under the

FLSA. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686-87 (1946). The Court

agrees with the Report that the "inadequate or inaccurate" records test should apply here based on

Plaintiff's assertions concerning how time was entered – or mis-entered – by Defendant into the

Kronos system. (*See* D.I. 31 at 11-12) The Court also agrees that, viewing all facts in the light

most favorable to Plaintiff, Plaintiff's allegations rise above the level of "vague and

unsubstantiated estimates" and are sufficient to survive summary judgment. (D.I. 34 at 23 (citing

*DiSantis v. Morgan Props. Payroll Servs., Inc.*, 2010 WL 3606267, at \*13 (E.D. Pa. Sept. 16,

2010))) Plaintiff's allegations, although not entirely consistent, identify a specific number of

hours per week that Plaintiff was not credited as having worked, for two distinct time frames.

There is a sufficient record for the Court to make a "just and reasonable inference" as to the

amount of time worked. *Anderson*, 328 U.S. at 687; *see also Alston v. DIRECTV, Inc.*, 2017 WL

2311588, at \*16 (D.S.C. May 26, 2017) (denying motion for summary judgment, stating

"estimations" in a sworn statement are generally "sufficient to meet [this] initial burden," even if

contradicted by other evidence, and refusing to make credibility determinations at summary

judgment stage). Therefore, the Court will deny summary judgment as to the "time shaving"

portion of Count I.[3]

     5.     Defendant also objects to the Report's recommendation that the Court deny

summary judgment as to Count II, which alleges retaliatory discharge of employment in violation

of the FLSA. (D.I. 39 at 5-7) The *McDonnell Douglas* framework applies to claims of unlawful

---

[3] In reaching this conclusion, the Court has considered Defendant's Attachment 1 and 2.
(*See* D.I. 39 at 6 n.1)

retaliation under the FLSA. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)

Defendant takes issue with the Report's finding of multiple disputes of material fact bearing on Plaintiff's ability to prevail on her FLSA retaliation claim. Defendant spends more than four pages of briefing attempting to explain away or dismiss each dispute as "immaterial." (*See* D.I. 39 at 4-8) The Court is not persuaded. Instead, the Court agrees with the Report's survey of the various disputed facts pertaining to Plaintiff's retaliatory discharge claim and, in view of those disputes, summary judgment will be denied as to Count II.

September 20, 2017
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE